## CIRCUIT COURT OF THE CITY OF RICHMOND

Division of Child Support
Enforcement

v.

Harold Arrington

November 3, 1992

Case No. (Chancery) HC 334–2

BY JUDGE ROBERT L. HARRIS, SR.

The question presented in this case is whether funds recovered by the Division of Child Support Enforcement ("DCSE"), through interception of a delinquent parent's federal income tax refund, must first be used to pay off an existing debt owed to the Commonwealth of Virginia for public assistance provided to the parent's children for their support. Because the Commonwealth's Attorney has represented to the Court that there is a likelihood that similar issues will arise in Juvenile and Domestic Relations Courts in the future, the Court is issuing this opinion to accompany its Order directing that the funds from the intercepted tax refund first be applied to the debt owed the Commonwealth.

In 1985, Lynette Arrington began receiving financial assistance for two children, Marquis and Dovonte Arrington, from the Commonwealth through the Aid to Families with Dependent Children program. By the time this assistance ended in 1988, $4,750.00 had been paid out. By June of 1992, not only was that amount still owed the Commonwealth by the non-supporting father, but $4,680.21 in additional arrearage was owed to Lynette Arrington. In an effort to recover some of the money due the Commonwealth, DCSE intercepted the father's 1991 federal income tax refund, recovering $1,981.00. In a subsequent proceeding in Juvenile and Domestic Relations Court, the court focused on the arrearages due the mother,

ordering increased weekly payments and ordering that the income tax refund be turned over to her.

Federal law establishes certain requirements which must be met by the states in order to be eligible for federal funds for child welfare services. *See* 42 U.S.C.A. §§ 602–679a (1991). Dealing specifically with child support enforcement is § 654 of Title 42 of the United States Code. *See* id. § 654. States which satisfy the federal requirements by putting in place a state plan approved by the Secretary of Health and Human Services, *see id*. § 602(b), are eligible to intercept federal income tax refunds otherwise due persons who are delinquent in child support payments. *See* 26 U.S.C.A. § 6402(c) (1989); 42 U.S.C.A. § 664 (1991).

Under federal law, intercepted federal tax refunds are "applied first to satisfy any past-due support which has been assigned to the State." 26 U.S.C.A. § 6402(c); *see also* 42 U.S.C.A. § 657 (b)(4); 45 C.F.R. §§ 302.51(b)(4), 303.72(h)(1) (1991). Under Virginia law, the Department of Social Services is subrogated to any support claim by a child or caretaker and is to use any funds recovered as reimbursement for public assistance payments made by the state *before* passing funds on to the caretaker. *See* Va. Code Ann. § 63.1–251 (1992). This requirement is further reflected in state regulations. "The [Department of Social Services] shall intercept state and federal income tax refunds and shall apply these moneys, in whole or in part, *first to any debt to the Commonwealth and second to pay any amount owed to the custodial parent.*" VR 615–70–17 § 5.12(A) 8:19 Va. Reg. 3407 (June 15, 1992) (emphasis added).

In the instant case, the Juvenile and Domestic Relations Court ignored both federal and state requirements in directing that the funds recovered through tax refund interception be paid to the caretaker-mother without regard to amounts owed the Commonwealth. Accordingly, that ruling is overturned, and the $1,981.00 recovered by the Division of Child Support Enforcement shall be applied to the debt of $4,750.00 owed by the delinquent father to the Commonwealth for public assistance provided to Marquis and Dovonte Arrington in the absence of the financial support he was legally obligated to provide.

### Order

On August 14, 1992, came the Appellant, by Assistant Commonwealth's Attorney Russell N. Allen, and the Appellee, by counsel,

Susan A. Kessler, on the Commonwealth's appeal of a ruling of the Juvenile and Domestic Relations Court of the City of Richmond. In that ruling, the Juvenile and Domestic Relations Court directed that funds intercepted by the Commonwealth from the Appellee's federal income tax refund be used to pay off a portion of an arrearage due Lynette Arrington, the Appellee's wife, as support for two infant children. After hearing the evidence presented and the arguments of counsel, the Court makes the following findings, as set forth in its letter opinion of November 3, 1992.

1. Currently there exists an arrearage due Lynette Arrington of $4,680.21 for past child support due from the Appellee, Harold Arrington.

2. To date, the Commonwealth has provided Lynette Arrington with $4,750.00 in public assistance funds, in lieu of the support due from the Appellee.

3. The Commonwealth has intercepted, through the federal income tax refund interception program, $1,981.00 from the Appellee's 1991 federal income tax refund.

4. Federal and State law requires that intercepted tax refunds be used to reimburse a state for public assistance provided before any funds are applied to an arrearage owed to a spouse.

Accordingly, the ruling of the Juvenile and Domestic Relations Court of the City of Richmond is reversed, and it is ordered that the amount of $1,981.00, intercepted by the Commonwealth from the appellee's 1991 federal income tax refund be applied toward reimbursement of the Commonwealth for the amount of $4,750.00 provided to the Appellee's children in public assistance funds.